## INTERNATIONAL TRUST COMPANY, LIMITED, *v.* RISAKU KATO AND SHIGEO KATO.

### No. 2146.

SUBMITTED APRIL 20, 1934.　　　　　DECIDED MAY 18, 1934.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is a suit in equity in which the complainant prays for the cancellation of a bill of sale of the business of a certain store conducted by Risaku Kato, one of the respondents, at Waipahu, Oahu, "together with all of the automobiles, furnitures, fixtures, goods, wares and merchandise, books and account receivable in the said store," —on the ground that the same was executed by Risaku Kato to his son, Shigeo Kato, in bad faith and for the purpose of defrauding the plaintiff, his preexisting creditor. The bill of sale is dated January 10, 1931, and re-

mained unrecorded until October 4, 1932. The allegation is that the defendant, Risaku, became indebted to the plaintiff in August, 1930, in the sum of $15,000, in a transaction involving the sale and purchase of real estate and the making of a loan by the complainant to Risaku. It is further alleged that in spite of partial payments made and of the net returns obtained on a foreclosure of the mortgage given by Risaku to the complainant to secure the repayment of his loan, the sum of $9,139.52 still remains due and unpaid and is evidenced by a deficiency judgment at law rendered in that amount in favor of the complainant and against Risaku. The circuit judge entered a decree dismissing the bill and from that decree the case comes by appeal to this court.

Three witnesses were called by the complainant and none by the respondent. The conspiracy between the father and the son, the bad faith and the purpose to defraud were all, in the main, sought to be proved by the complainant by the testimony of the respondent Risaku, whom the complainant called to the witness stand. Risaku testified, and the circuit judge believed his testimony to be true, that the transfer of the store business, the merchandise and other effects was made by oral contract, not in August, 1930, but in January, 1929, at a time when Risaku was not indebted to the complainant. The circuit judge further found that in January, 1929, when the transfer was made to the son, the father was perfectly solvent, that there was no reservation in favor of the father of any right, title, interest in or benefit from the property transferred, and that the transaction was entirely in good faith and without intent to defraud anyone. In a written opinion dealing with the whole subject at some length the trial judge said, *inter alia:* "The evidence is convincing that Risaku Kato had retired from this

mercantile business in favor of his said son in the early part of 1929. In July of that year he went with his wife on a visit to Japan, leaving the business in the possession and under the sole control of his son, Shigeo." With the aid of certain recited facts, he continued: "The court desires to call attention to complainant's opinion of the financial standing of Risaku Kato and his unquestionable solvency at the time the loan was contracted. * * *The court finds as a fact that Risaku Kato was solvent when the mercantile business was transferred to his son, Shigeo Kato; that said transfer was absolute and a *bona fide* transaction without any reservation of interest in Risaku Kato."

Another witness, an officer of the complainant corporation, testified that Risaku, at a time when (in August, 1930) the real estate deal and the loan were under negotiation, told him at the store at Waipahu that he, Risaku, was the owner of the store. Of this the circuit judge said: "There was some effort made on the trial to show that Risaku Kato represented to the agents of complainant when they were investigating the property offered as security that he was then the owner of the business. The court finds as a fact that no such false representation was made." The third witness did not give any testimony throwing light on the question of the good faith or the bad faith of the transfer to the son.

There is no principle of law in dispute in the case at bar. As the case developed at the trial, the only issues were those of fact. The main witness, the respondent Risaku Kato, gave his evidence partly with and partly without the aid of an interpreter. He speaks English very poorly and it is difficult at times, in reading the record of his testimony, to understand what he intended to convey by his answers. The circuit judge saw him and heard

him and saw and heard the other witnesses. He was in a much better position than we are to determine what the testimony in fact was and the degree of credibility to which each witness was entitled and the weight that ought to be given to the testimony. There was ample evidence to sustain each finding that was made. In spite of the fact that the written bill of sale introduced in evidence was dated January 10, 1931, we cannot say that the circuit judge erred in believing the testimony of the main respondent to the effect that the transfer had actually been made, orally, in January of 1929.

In this court the complainant moved for leave to introduce certain new evidence. In the affidavit in support of the motion it is expressly admitted that the complainant knew of the existence of the evidence during the trial in the court below. Referring to appeals from decrees of circuit judges in chambers, the statute (R. L. 1925, §2511) says: "Every such appeal shall be taken on the record and no new evidence shall be introduced in the appellate court; provided that the appellate court may, in case evidence is offered, which is clearly newly discovered evidence, *and* material to the just decision of the appeal, admit the same." The complainant contends, in support of the claim of admissibility of the new evidence in this court, that the word "and" in the statute just quoted, connecting the words "newly discovered evidence" and the words "material to the just decision of the appeal" should be read as though it were "or." It is true that there are instances in statutes and other writings in which the word "and" should be given the meaning of "or." This, however, is not one of those instances. It was clearly intended by the legislature, in enacting the provision just quoted, that to render the evidence admissible in this court on appeal it should be both newly discovered and material.

The evidence in question is admittedly not newly discovered, hence it cannot be admitted.

The decree appealed from is affirmed.

*Winn & Nowell* for complainant.

*M. Marumoto* and *F. Schnack* for respondents.

